## THE STATE v. JOSEPH FORD.

Submitted December 9, 1913—Decided June 15, 1914.

1. The form of an indictment based upon section 65 of the Crimes act *held* sufficient, on the authority of *State* v. *Griffin*, 84 *N. J. L.* 429.
2. Where a statute prescribing punishment for a criminal offence provides for imprisonment, such imprisonment, under the existing laws relating to the state prison, is necessarily to be at hard labor.

On error to Atlantic Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Theodore W. Schimpf* and *James M. Sheen.*

For the state, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

PARKER, J. There were three counts in the indictment, but on the trial the first and third were waived. The second,

to which defendant pleaded guilty, charged the unlawful and habitual keeping of "a place to which persons might and did resort for gambling by playing for money at and with cards and dice, contrary to the form of the statute," &c. This is the language of the indictment considered in *State* v. *Griffin,* 84 *N. J. L.* 429; 85 *Id.* 613; affirmed by the Court of Errors and Appeals in 89 *Id.* 259, and is based on section 65 of the Crimes act.

The first point now made is that, notwithstanding the plea of guilty, there should be a reversal because the indictment does not charge a crime, in that the "gambling," denounced by the section in question, is restricted to gambling connected with horse racing and pool selling and does not extend to gambling with cards and dice. This is disposed of, however, by the language of this court in *State* v. *Griffin,* 84 *N. J. L.* (at *p.* 430). It is further argued that as section 60 of the Crimes act makes gambling with cards and dice a misdemeanor, section 65 does not apply; but the answer is that section 60 applies to the gambling itself and not to the keeping of a place where it may be carried on.

The second point, relating to the use of the words "might resort" in the indictment, is fully disposed of by the Court of Errors and Appeals in the Griffin case, and the next, that the punishment provided by the statute is a cruel and unusual one, is covered by the decision of this court in the same case, which, of course, we follow. The same is true of the point that the court, in imposing sentence, failed to specify the nature of the crime.

The last point is that the sentence is invalid, in that the record shows that the court sentenced the defendant to state prison "at hard labor," whereas the words do not occur in section 65, which prescribes the punishment. But, as was said by Chief Justice Beasley, in *Gibbs* v. *State,* 45 *N. J. L.* 388: "Hard labor is a component part of confinement in the state prison, and therefore when the sentence is to subject the prisoner to such a confinement, it necessarily follows that he is thereby condemned to hard labor. Many of the statutes

in their adjustment of punishments to the various crimes are couched in terms similar to those in question; thus in section 150 of the Crimes act, it is declared that the offender shall be punished by a fine not exceeding $5,000 or imprisonment in the state prison not exceeding five years; and from this expression does it not inevitably and plainly follow that the convict is to be under a confinement at hard labor?"

It should be unnecessary to refer to such provisions of the State Prison act as those in section 4, article 1 (*Comp. Stat., p.* 4907), that the inspectors are to provide with regard to the labor of the prisoners; and in article 7 (*Comp. Stat., p.* 4912), that "each convict * * * shall every day, except Sundays, be kept * * * strictly at hard labor of some sort * * *."

We conclude that whenever the statute prescribes imprisonment in the state prison, unless there be express language or clear necessary implication of an intent to repeal *pro tanto* the State Prison act, the imprisonment is to be at hard labor.

The judgment will be affirmed.